IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSHUA V. JONES, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 14-cv-8873 |
| v. | ) ) Judge Sharon Johnson Coleman |
| W.S. DARLEY & CO., JAMES LONG, and GEORGE MCCULLOUGH, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Joshua V. Jones ("Jones"), filed a ten-count *pro se* complaint against defendants, W.S. Darley & Co. ("Darley"), James Long, and George McCullough, alleging wrongful discharge, breach of contract, breach of the covenant of good faith and fair dealing, intentional misrepresentation, fraudulent concealment, negligent misrepresentation, intentional infliction of emotional distress, negligent infliction of emotional distress, civil conspiracy, and punitive damages, all stemming from Jones' employment at Darley. Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Jones fails to state a claim under Illinois law [13]. For the reasons that follow, this Court grants the motion.

**Background**

In his complaint, Jones alleges that Darley extended an offer of employment on October 5, 2012, which provided Jones the option of two compensation packages. (Dkt. 1, at ¶5b). One option provided for a higher base salary with the possibility of bonuses based on sales performance, and the other option provided a lower base salary with a percentage of sales commission. (Dkt. 14-1, Ex. 1,

1

Offer Letter).[1] Jones requested option one, the bonus structure. Darley allegedly advised Jones that it was reviewing its bonus compensation structure and would inform him of the changes once the review was complete. (Dkt. 1 at ¶5c). Jones accepted Darley's offer of employment and began work on October 19, 2012. *Id.* at ¶5d. Jones alleges that after several requests for sales bonus compensation, Darley terminated his employment on September 24, 2014. *Id.* at ¶5f. Jones also alleges that, in an email exchange between Jones and defendant James Long on September 24, 2014, Jones stated he was considering resigning to which Long responded that his resignation would be accepted immediately. *Id.* at ¶5g(xvii), (xx). Plaintiff asserts that he was terminated without proper compensation and by false accusations that he violated company policy.

Plaintiff initially filed the instant Complaint in the U.S. District Court for the Eastern District of California. The California court transferred the case to this district as the proper venue. (Dkt. 4).

**Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the complaint's factual content allows the Court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Id.* The Court draws all reasonable inferences in favor of the nonmoving party. *Pisciotta v. Old Nat. Bancorp,* 499 F.3d 629, 633 (7th Cir. 2007). Under Rule 9(b), a plaintiff must plead all allegations sounding in fraud or mistake with specificity, including who, what, where, and when of the claim. Fed. R. Civ. P. 9(b); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.,* 536 F.3d 663, 669 (7th Cir. 2008).

---

[1] Plaintiff bases his employment claims on the "Offer Letter" from Darley. While the Court ordinarily would not consider documents outside the complaint on a motion to dismiss, where the document is central to the complaint the Court may properly consider it. *See Hecker v. Deer & Co.,* 556 F.3d 575, 582-83 (7th Cir. 2009).

**Discussion**

*1. Choice of Law*

As a threshold matter, this Court must determine what substantive law applies the Complaint before the Court. Plaintiff makes all his allegations pursuant to California law. However, as defendants point out, the Offer Letter from Darley is the only "employment agreement" on which Jones bases his allegations and the Offer Letter contains an express choice of law clause. (*See* Dkt. 14-1, Ex. 1).

"As a general rule, [i]n diversity cases, [such as here], we look to the substantive law of the state in which the district court sits, *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), including choice of law rules, *Klaxon Co. v. Stentor Elec. Mfg.*, 313 U.S. 487, 496-97, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941)." *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 774 (7th Cir. 2014) (quoting *Wachovia Sec., LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 751 (7th Cir. 2012) (parallel citations omitted)). However, if the case is transferred from one federal district to another, such as here, the court applies the choice of law rules of the original district, *i.e.,* California. *Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 383 (7th Cir. 2003). Under California law, the court must determine whether the chosen state has a substantial relationship to the parties or their transaction, or whether there is any other reasonable basis for the parties' choice of law. *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 466, 834 P.2d 1148, 1152 (Cal. 1992). If either test is met, and there is no conflict with California policy, then the Court shall enforce the parties' choice of law. *Id.*

Here, although Jones argues that California law should apply to his claims, there is a clause stipulating that Illinois law shall apply in the Offer Letter that forms the basis of the employment relationship at issue. No one is disputing the validity of the Offer Letter, rather Jones asserts that California law should apply because that is where he resides. While Jones may currently reside in

3

California, Darley is headquartered in Illinois, the individual defendants are Illinois residents, and, as the transferring court in California found, a substantial portion of the events took place in Illinois.[2] Enforcing such a choice of law provision in a contract is clearly not against California policy since California courts have enforced such provisions. "[W]hen a rational businessperson enters into an agreement establishing a transaction or relationship and provides that disputes arising from the agreement shall be governed by the law of an identified jurisdiction, the logical conclusion is that he or she intended that law to apply to all disputes arising out of the transaction or relationship." *Washington Mutual Bank v. Superior Court*, 24 Cal. 4th 906, 916, 50 P.3d 1071, 1078 (Cal. 2001) (internal citation omitted). It appears from the complaint that Jones is an experienced salesperson and, thus, this Court will enforce the parties' choice of Illinois law to govern the claims in the Complaint.

*2. Sufficiency of the Complaint under Illinois Law*

Turning to the issue of whether this Court should dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6), the Court notes that Jones does not make any argument responsive to defendants' assertion that none of his claims are sustainable as stated under Illinois law. (*See* Dkt. 18, Pl. Resp. Br.). "[W]hen presented with a motion to dismiss, the nonmoving party must proffer some legal basis to support his cause of action." *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995). Jones has failed to do so here and this Court could grant defendants' motion to dismiss on that basis alone. In the interest of completeness, however, the Court will address the additional reasons for granting dismissal.

---

[2] It is unclear from the Complaint whether Jones occupied an office in Itasca, Illinois, where Darley is located, or if he worked remotely from elsewhere. The Offer Letter was sent to Jones at a Washington, D.C., address, but there is nothing in the Complaint to indicate if he relocated to Illinois or when he relocated to California. Jones states in his response brief that he "was never physically employed" or "resident of Illinois". (Dkt. 18 at ¶ 3).

*a. Wrongful Discharge*

Jones alleges that Darley terminated his employment after Jones sought the bonus compensation he believed that he was owed. This claim bears no relation to the "social rights, duties, and responsibilities" protected by Illinois public policy and therefore Illinois does not recognize a wrongful discharge claim in such a situation. *See McGrath v. CCC Info. Servs.,* 314 Ill. App. 3d 431, 438, 731 N.E.2d 384, 391-92 (1st Dist. 2000) ("Illinois courts have applied the tort of retaliatory discharge in only two situations: where the discharge stems from asserting a worker's compensation claim and where the discharge is for certain activities referred to as 'whistle-blowing.'"). Therefore, Count I is dismissed with prejudice.

*b. Breach of Employment Contract*

Jones alleges that defendants breached his employment contract by failing to pay certain bonus compensation and by terminating his employment without "good cause". The Court dismisses the Count II against the individual defendants Long and McCullough. *See Zahl v. Krupa*, 399 Ill. App. 3d 993, 1012, 927 N.E.2d 262, 278 (2d Dist. 2010) (Corporate officers are generally not liable for corporate obligations). The contract at issue stems from Jones accepting the Offer Letter sent him by Darley. The letter expressly states that it is for "at-will" employment. Further, the Offer Letter provided for bonus compensation based on sales performance, and thus there was no guarantee of any specific bonus compensation. Accordingly, Jones cannot establish breach by Darley of the employment agreement. *See, e.g., Turner v. Mem'l Med. Ctr.*, 233 Ill. 2d 494, 500, 911 N.E. 2d 369, 374 (2009) (employer may discharge at-will employee for any or no reason); *see also Rakos v. Skytel Corp.*, 954 F. Supp. 1234, 1238 (N.D. Ill. 1996) (finding that the plaintiff was not entitled to a bonus where the compensation plan contained language making the awarding of a bonus discretionary). This Court dismisses Count II with prejudice.

*c. Covenant of Good Faith and Fair Dealing*

Jones alleges that defendants breached the implied covenant of good faith and fair dealing. However, Illinois does not recognize an independent cause of action for breach of the duty of good faith and fair dealing and Jones may only assert such a claim as part of a breach of contract claim. *See Hugo v. Tomaszewski,* 155 Ill. App. 3d 906, 911, 508 N.E. 2d 1139, 1142 (5th Dist. 1987) (While the duty of good faith and fair dealing is included in every contract as a matter of law, this duty does not create an independent cause of action in circumstances involving a claim of retaliatory discharge). Thus, Count III is dismissed without prejudice since Jones may be able to plead a breach of contract based on the duty of good faith and fair dealing.

*d. Intentional Misrepresentation and Fraudulent Concealment*

In Counts IV and VIII Jones alleges intentional misrepresentation and fraudulent concealment based on unfulfilled promises that defendants allegedly made in connection to Jones' employment. Jones' allegations fall short of the necessary specificity required for fraud claims under Rule 9(b). Broadly construed, Jones' complaint alleges that he relied on the Offer Letter as a promise that he would receive bonus compensation. These allegations taken as true are insufficient to support either intentional misrepresentation or fraudulent concealment. *See Linker v. Allstate Ins. Co.,* 342 Ill. App. 3d 764, 780, 794 N.E.2d 945, 958 (1st Dist. 2003).

*e. Negligent Misrepresentation*

In Count V Jones alleges negligent misrepresentation of the length and compensation of the employment contract. However, Illinois has not expanded the duty requirement in a negligent misrepresentation claim to include the employment context. *See Brogan v. Mitchell Int'l*, 181 Ill. 2d 178, 186, 692 N.E.2d 276, 278 (Ill. 1998). The Court dismisses Count V with prejudice.

*f. Intentional Infliction of Emotional Distress*

Count VI alleges intentional infliction of emotional distress based on termination of his employment without payment of certain compensation. The allegations on this count in the complaint are of the threadbare variety that are a mere recitation of the elements of the claim and are insufficient to state a claim where there are no facts describing extreme and outrageous conduct or that Jones suffered any actual emotional distress. *See Feltmeier v. Feltmeier,* 207 Ill.2d 263, 269, 798 N.E.2d 75, 80 (Ill. 2003) (enumerating the elements of intentional infliction of emotional distress).

*g. Negligent Infliction of Emotional Distress*

Jones's claim for negligent infliction of emotional distress is dismissed since the Illinois Workers' Compensation Act provides redress for such injuries. *See Meerbrey v. Marshall Field & Co.,* 139 Ill. 2d 455, 464, 564 N.E.2d 1222, 1226 (Ill. 1990); *see also Collier v. Wagner Castings Co.* 81 Ill. 2d 229, 239, 408 N.E.2d 198, 202 (Ill. 1980).

*h. Civil Conspiracy and Punitive Damages*

Civil Conspiracy is not an independent tort and, therefore, since Jones' allegations are the same as for his breach of contract and wrongful termination claims, Jones' civil conspiracy claim must also fail. *See Powell v. City of Berwyn*, No. 13-C-1859, 2014 U.S. Dist. LEXIS131365, at *46 (N.D. Ill. Sept. 19, 2014). Jones' count for punitive damages must be dismissed in that it is not a cause of action, but is a request for relief. *See Tully v. McLean*, 409 Ill. App. 3d 659, 669, 948 N.E.2d 714, 729 (1st Dist. 2011) (explaining that punitive damages are not available for every cause of action and are intended to deter the defendant from engaging in the conduct).

**Conclusion**

Based on the foregoing discussion, the Court grants defendants' Motion to Dismiss [13] with prejudice on Counts I, II, V, VII, IX, and X, and without prejudice on Counts III, IV, VI, VIII.

Plaintiff is granted thirty (30) days from entry of this Order to file an Amended Complaint consistent with this Order.

IT IS SO ORDERED.

Date: July 7, 2015

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge